[Civ. No. 1284. Second Appellate District.—March 20, 1913.]

## LOS ANGELES GAS AND ELECTRIC COMPANY (a Corporation), Respondent, v. COUNTY OF LOS ANGELES, Appellant.

Constitutional Law—Constitutional Provisions in Nature of Direct Legislation.—Provisions in a constitution in the nature of direct legislation may form a part of the law of a state, as distinguished from other provisions of the constitution dealing with the frame of and declaring general principles of the republican form of government.

Id.—Taxation—Assessment of Franchises.—The assessment of a gas and electric corporation on its "franchise per state law" embraces all franchises granted the corporation by the laws of the state, including the franchise acquired under the statute which provides for the organization of the corporation and the franchise granted it by the constitution to occupy city streets.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

J. D. Fredericks, District Attorney, and Hartley Shaw, for Appellant.

Wm. A. Cheney, Leroy M. Edwards, and Paul Overton, for Respondent.

ALLEN, P. J.—The action was brought to recover certain taxes paid by plaintiff under protest, which were sought to be levied in the year 1908 by the county of Los Angeles upon the corporate franchise of plaintiff, upon the theory that the same had escaped assessment in the preceding year.

The whole appeal of appellant rests upon a single proposition,—namely: that there is no evidence in the record tending to support this finding of the court: "The plaintiff was assessed by the said county assessor for the year 1907, upon a franchise described upon the assessment-roll as 'franchise per state law,' and a tax of $3,894.03 was levied upon said assessment and paid by the plaintiff. Said franchise so assessed included the franchise or right of plaintiff to use the public streets and thoroughfares of the city of Los Angeles for introducing into and supplying such city and its inhabitants with gas-light and other illuminating light, and the assessment of said last mentioned franchise at $500,000, referred to in paragraph 8 of said complaint as 'escaped assessment of 1907, assessed double in 1908, as per section 3649 of the Political Code,' is a double assessment for the reason that said last mentioned franchise did not escape assessment for 1907." Upon the trial of the action plaintiff produced the assessment-roll of the county of Los Angeles made in the year 1907, and introduced in evidence that portion of it reading as follows: "Franchise per state law, $314,035.00." The defendant thereupon admitted that plaintiff paid the tax on said assessment. The defendant introduced in evidence a portion of the assessment-roll for the year 1907, reading as follows: "Franchise granted by the city of Los Angeles to occupy the streets, $375,000." The plaintiff thereupon admitted that it paid the tax on said last mentioned assessment, and obtained a refund from the board of supervisors of the amount so paid on the ground that it had no franchise granted by the city of Los Angeles. This constituted all of the evidence before the trial court. If this evidence tended to support the finding, it must be sustained, as this court will not review the weight of the evidence. Plaintiff is possessed of two franchises; one its corporate franchise acquired under the statute which provides for the organization of corporations, and the other a franchise granted by the constitution of the state authorizing

it to occupy the streets under certain conditions and circumstances, both of which franchises are taxable.

It is appellant's contention that the words "franchise per state law" include only the statutory franchise and exclude the constitutional franchise, and appellant claims this to be supported by a number of decisions cited, to the effect that in such cases the word "law" was properly held to mean only statutory law, and cites the definition of law as given by Bouvier in his law dictionary: "In the United States, the organic law of a state is termed the constitution, and the term 'laws' generally designates statutes or legislative enactments, in contradistinction to the constitution." To substanially the same effect is the definition given by Black in his law dictionary. Appellant further contends that the mere fact that an attempt was made to levy an assessment against a franchise granted by the city of itself indicates that the franchise "per state law" did not include the franchise which gave authority to enter upon the streets, and was a circumstance which should have controlled the court in determining that the franchise per state law included only the statutory franchise. The constitution of this state commands the assessment of all property, and it will be presumed that the assessor as an officer had in view and was endeavoring to observe the law. While it may be true that anciently the word "law" had the restricted meaning given by the definitions above referred to, yet in modern times we think a different definition is applicable. Judge Cooley in his Principles of Constitutional Law says that which is becoming from year to year more obvious: "The later state constitutions contain a great deal of direct legislation enacted by the people of the state on subjects which in the early constitutions would not be mentioned"; while Bryce in his American Commonwealth, dealing with the subject laws enacted through constitutional provisions, says: "The framers of these more recent constitutions have in fact neither wished nor cared to draw a line of distinction between what is proper for a constitution and what ought to be left to be dealt with by the state legislature." These statements of such eminent writers would indicate the correctness of the proposition that provisions in a constitution in the nature of direct legislation may be included within and form a part of the law of the state, as distinguished from the other provisions of the con-

stitution dealing with the frame of and declaring the general principles of the republican form of government. The provision of the constitution granting this franchise is in the nature of direct legislation, and, in our opinion, may properly be termed the law of the state. If we are right in what we have said, then the assessor in 1907, when he assessed the franchises per state law, must be held to have included all franchises granted the corporation by the laws of the state. We do not attach any importance to the effort to assess a franchise purporting to have been granted by the city of Los Angeles. If as a fact the city had undertaken to do that which it had no constitutional right to do, such assessment would be void, but we cannot see that it would indicate anything with reference to the subject under review. The record shows that the judgment is supported by the findings, and we are of opinion that there is evidence in the record tending to support the particular finding under consideration.

The judgment and order appealed from are affirmed.

James, J., and Shaw, J., concurred.